UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | Criminal Action No. 3:04–CR–392 |
| | Civil Action No. 3:11–CV–226 |
| KENDALL R. JONES. | |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on *pro se* Petitioner Kendall Jones's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (Doc. No. 62), Motion for to Amend Petitioner's § 2255 Motion ("Motion to Amend") (Doc. No. 75), and Letter Motion for Appointment of Counsel ("Motion for Appointment") (Doc. No. 77). For the reasons stated below, the Court DENIES Petitioner's motions.

## **BACKGROUND**

On January 18, 2005, Jones was charged in a four-count superseding indictment with one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, two counts of possession with intent to distribute fifty grams or more of cocaine base, and one count of possession with intent to distribute 500 grams or more of cocaine hydrochloride. After a one day jury trial on March 30, 2005, the jury found Jones guilty of all four counts. In preparation for Jones's sentencing, the probation officer assigned to the case provided a presentence report, indicating Jones's mandatory minimum sentence was 240 months imprisonment, his total offense level was 36 (including a two point possession of a firearm enhancement under U.S.S.G. § 2D1.1(b)(1)), his criminal history category was a IV, and his resulting guideline range was 262-327 months imprisonment. On July 14, 2005, the Court sentenced Jones to 300 months imprisonment.

In July of 2006, Jones filed a motion under 28 U.S.C. § 2255 ("§ 2255") alleging that his trial attorney was ineffective for failing to file a notice of appeal. The Honorable Richard L. Williams held a hearing on May 19, 2009. The Court subsequently granted Jones's motion, refiled the judgment of conviction, and reinstated Jones's right to appeal his conviction. Jones timely appealed his conviction and the Fourth Circuit denied his appeal on May 13, 2010. *United States v. Jones*, 378 F. App'x 359 (4th Cir. 2010). On May 20, 2009, the Court granted Jones's motion for sentence reduction on a crack cocaine offense pursuant to 18 U.S.C. § 3582. The Court reduced Jones's sentence to the statutory minimum sentence of 240 months.

On April 6, 2011, Jones timely filed the instant § 2255 Motion[1] asserting three grounds for relief:

Claim One: Jones's trial counsel was ineffective for failing to request a "competence certificate" as to trial witness Michelle Campbell to determine her ability to function as a witness after she testified that she used crack cocaine on a daily basis

Claim Two: Jones's trial counsel was ineffective for failing to object to the prosecution's misconduct in using the word "please" during closing arguments at trial

Claim Three: The Court erred in enhancing Jones's sentencing guidelines under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm

The United States responded in opposition and the time for Jones to file a reply has passed. Jones did, however, file a Motion to Amend on August 16, 2012, asking the Court to consider *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Accordingly, this matter is ripe for decision.

## DISCUSSION

### I. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER § 2255

#### a. Legal Standard

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four

---

[1] The § 2255 Motion was initially dismissed as a second or successive motion under § 2255. Upon reconsideration, however, the Court vacated is denial of the § 2255 Motion, finding the § 2255 Motion was not successive, and ordered the United States to respond.

grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Therefore, the Court generously interprets Jones's factual allegations and legal contentions.

Ineffective assistance of counsel claims under the Sixth Amendment are examined under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance claim, a petitioner must show: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered actual prejudice. *Id.* There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. A court must consider "the practical limitations and tactical decisions that counsel faced" when making an ineffective assistance of counsel determination. *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991).

To satisfy the first prong of the *Strickland* test, the petitioner "'must show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). To satisfy the prejudice requirement, the petitioner must show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In other words, the petitioner must show "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If it is clear the petitioner has not satisfied one prong of the *Strickland* standard, a court need not inquire into whether he satisfied the other. *Id.* at 697.

### b. Ground 1

Jones's claim that his attorney was ineffective for failing to obtain a "competence certificate" for trial witness Michelle Campbell, who admitted to significant drug use, fails because Jones cannot show deficient performance.[2] A witness is presumed to be competent "if that person has personal knowledge of a matter and states that she will speak truthfully." *United States v. Blankenship*, 923 F.2d 1110, 1116 (5th Cir. 1991) (citing Fed. R. Evid. 601). Courts have found witnesses competent to testify despite drug or alcohol use at the time of the events. *See, e.g., Blakenship*, 923 F.2d at 1116; *United States v. Strahl*, 590 F.2d 10, 12 (1st Cir. 1978). A witness's use of drugs goes instead to their credibility. *See Blakenship*, 923 F.2d at 1116. Evidence of a witness's addiction to drugs likewise goes to the witness's credibility, not his or her competence to testify. *United States v. Harris*, 542 F.2d 1283, 1303 (7th Cir. 1976) (citing *United States ex rel. Lemon v. Pate*, 427 F.2d 1010 (7th Cir. 1970)).

Here, Jones contends Campbell smoked crack the day she was arrested and when she gave her statement of facts implicating Jones. Jones therefore contends his attorney should have sought a "competence certificate" to determine if Campbell suffered from any mental illness due to her crack use. Counsel was not deficient in not obtaining a "competence certificate," which neither the Court nor the Government has heard of and is not part of the Federal Rules of Evidence or Criminal Procedure. Further, any objection counsel might have made regarding

---

[2] Contrary to the United States' contention, the Court finds this claims is not procedurally defaulted for failure to raise the claim on appeal. *See Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976) (holding in collateral proceedings, a petitioner may not assert claims he could have raised, but failed to, on direct review); *United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009). This claim raises the Sixth Amendment right to effective assistance of counsel, a claim that is generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Jones could not, therefore, have raised this claim on direct appeal and it is not procedurally defaulted as a result.

4

Campbell's competence to testify would have been overruled because her use of drugs goes to her credibility as determined by the jury. *See Blakenship*, 923 F.2d at 1116. Counsel appropriately tested her credibility through cross examination, *see* Trial Tr. 91-97 (Mar. 30, 2005), and, in closing argument, explicitly encouraged the jury to consider Campbell's drug use and addiction in making a credibility determination. Trial Tr. 123-24 ("You can judge the credibility of a witness. . . . One thing you will consider, you can consider whether or not they are a drug addict."). In this manner, counsel properly addressed Campbell's drug use and addiction, and therefore, the Court DENIES Jones's claim for relief.

### c. Ground 2

Jones's next claim—that his trial counsel was ineffective because he failed to object to the prosecutor's use of the word "please" in closing arguments—fails because Jones cannot show prejudice resulted from counsel's failure to object.[3] Consideration of "whether improper argument by government counsel has so prejudiced the trial process as to require reversal must be gauged from the facts of each trial." *United States v. Harrison*, 716 F.2d 1050, 1051 (4th Cir. 1983). To show prosecutorial misconduct based on statements made during closing arguments, a petitioner "must show that the remarks were improper and that they 'prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial.'" *United States v. Adams*, 70 F.3d 776, 780 (4th Cir. 1995) (quoting *United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir. 1993)). Relevant factors to this consideration include:

> (1) the degree to which the prosecutor's remarks had a tendency to mislead the jury and to prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the defendant; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

*United States v. Scheetz*, 293 F.3d 175, 185-86 (4th Cir. 2002) (citing *United States v. Wilson*,

---

[3] Contrary to the United States' contention, the Court finds this claims is not procedurally defaulted for failure to raise the claim on appeal. *See supra* Note 2.

135 F.3d 291, 299 (4th Cir. 1998)).

In Jones's case, during the Government's rebuttal closing argument, the prosecutor closed by saying "And please don't let him get away with this. Please find him guilty of all four charges." Trial Tr. 136. The prosecutor made these statements after detailing the extensive evidence presented against Jones, including that during a search of Michelle Campbell's apartment, he was found in the kitchen where cocaine was located, his fingerprint was found on a pot with crack residue on the rim, and witnesses testified about Jones's involvement in selling drugs and cooking cocaine. Considering the above factors, the prosecutor's use of the word "please" twice does not have a tendency to mislead the jury and are isolated remarks within the context of the entire closing argument. Further, the comments made by the prosecutor did not prejudice Jones because of the substantial evidence presented against him. The comments did not attempt to divert the jurors' attention to extraneous matters; they merely asked that the jury find Jones guilty of the charged crimes. Conduct by defense counsel did not invite the remarks and the Court gave no curative instruction; however, the benign nature of the comments makes a curative instruction unnecessary. Jones was therefore not prejudiced by the comments and this ineffective assistance of counsel claim is DENIED.

### d. Ground 3

Jones's final ground for relief—that the Court improperly applied a sentencing enhancement for possession of a firearm—also fails. Generally, a claim alleging an error in applying the sentencing guidelines is not cognizable under § 2255. *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). To the extent, however, that Jones alleges his counsel was ineffective in failing to object to the application of the sentencing enhancement, the claim also fails because Jones cannot show prejudice.

Section 2D1.1(b)(1) of the sentencing guidelines provides for a two-level enhancement

"[i]f a dangerous weapon (including a firearm) was possessed." The application notes provide that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in his closet." U.S.S.G. § 2D1.1 cmt. n.3 (2005). Here, law enforcement agents executed a search warrant on Michelle Campbell's apartment at 2286 Afton Avenue. Upon executing the search warrant, agents found Jones in the kitchen of the apartment. Also in the kitchen, agents found cocaine base, various accouterments associated with the distribution of narcotics, and a number of firearms, including a Hi Point 9 millimeter handgun, a .357 revolver, and a Smith and Wesson .40 caliber semi-automatic pistol. Far from being unloaded hunting rifles in the closet, these firearms were present in the kitchen with Jones and cocaine base. Finally, despite Jones's argument to the contrary, the Court properly considered the firearm enhancement even though possession of a firearm was not charged in the indictment. *See United States v. Bowman*, 926 F.2d 380, 381-82 (4th Cir. 1991). It was therefore proper for the Court to apply the enhancement and any objection by Jones's counsel would not have changed whether the Court applied the enhancement. Accordingly, the Court DENIES Jones's third ground for relief.

## II. MOTION TO AMEND

After filing his § 2255 Motion, Jones asked for leave to amend his § 2255 Motion to add claims under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Jones asserts that his mandatory minimum sentence in this case was based on a state conviction that would not increase the mandatory minimum under *Simmons*. Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading is served, a party seeking to amend the original pleading must seek either the written consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). Leave of court to amend "shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).

Jones's request for leave to amend the § 2255 Motion to include a claim based on *Simmons* would be futile. In *Simmons*, the Fourth Circuit interpreted the Supreme Court's ruling in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010). The Fourth Circuit found that *Carachuri-Rosendo* stood for the principle that enhancement of a federal sentence based on a prior conviction requires a sentencing court to determine the maximum sentence of the prior conviction based on the actual level of aggravation, rather than the maximum sentence that could have been imposed on a hypothetical defendant who was guilty of an aggravated offense. *United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012). Since its decision in *Simmons*, the Fourth Circuit has held that the rule set forth in *Carachuri-Rosendo* is a procedural rule and is therefore not retroactively applicable to cases on collateral review. *Powell*, 691 F.3d at 560. Jones's claim that his prior state conviction, which increased his mandatory minimum sentence, was not a qualifying offense under *Simmons* fails because the rule set forth in *Simmons* does not apply retroactively to Jones's case. Amendment of his § 2255 Motion would therefore be futile[4] and the Court DENIES Jones's Motion to Amend.

### III. REQUEST FOR EVIDENTIARY HEARING

Under a heading of "Statement of Preference," Jones indicates that he is entitled to an evidentiary hearing based on the facts and law within the case. Generally, an evidentiary hearing

---

[4] Jones's amendment would also be futile because the request to amend was untimely filed after the end of the statute of limitations period provided in § 2255(f). A petition under § 2255 must be filed within one year after the latest date on which (1) the judgment against the defendant became final; (2) any impediment to making the motion that was created by the government and violates the Constitution or laws of the United States was removed; (3) the Supreme Court first recognized the right the defendant claims, provided that the right applies retroactively to cases on collateral review; or (4) on which the facts supporting the defendant's claim could have been discovered by exercising due diligence. § 2255(f). When a cause of action is barred by an applicable statute of limitations, amendment is futile and an amendment based on such a cause of action can be denied. *Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir.1991). The Fourth Circuit's judgment on Jones's case became final on June 4, 2010. The time to file a petition for a writ of certiorari ended, and Jones's conviction became final, on September 2, 2010. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003). Jones did not seek to amend his § 2255 Motion until August 16, 2012, more than a year after his conviction became final. Jones's *Simmons* claim does not relate to any of the claims made in his original § 2255 Motion, and therefore is not entitled to relation back under Rule 15(c). *See Mayle v. Felix*, 545 U.S. 644, 664, (2005); *Pittman*, 209 F.3d at 317. Finally, Jones's *Simmons* claim is not timely under § 2255(f)(3) because the rule described in *Simmons* is not retroactive. *See* § 2255(f); *Powell*, 691 F.3d at 560. Jones's request to amend is therefore futile because it is untimely.

is required under § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000); *Raines v. United States*, 423 F.2d 526, 529–30 (4th Cir. 1970). The district court must hold an evidentiary hearing when the movant "presents a colorable . . . claim showing disputed facts beyond the record and a credibility determination is necessary in order to resolve the issue." *Witherspoon*, 231 F.3d at 925–27. Whether an evidentiary hearing is necessary is within the discretion of the district court. *Raines*, 423 F.2d at 530. For the reasons stated more fully above, a review of the record in this case clearly demonstrated that Jones is not entitled to relief under § 2255. Accordingly, the Court DENIES Jones's request for an evidentiary hearing.

## IV. MOTION FOR APPOINTMENT OF AN ATTORNEY

On October 3, 2012, the Court received a letter from Jones requesting to have an attorney represent him on his pending § 2255 Motion. There is no Sixth Amendment right to counsel in collateral proceedings. *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). The Rules Governing § 2255 Proceedings require appointment of counsel only if an evidentiary hearing is warranted. Rule 8(c) of the Rules Governing Section 2255 Proceedings. As discussed above, an evidentiary hearing is not warranted in this case. Accordingly, the Court DENIES Jones's request for appointment of counsel.

## V. CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529

U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Jones is entitled to further consideration of his claims. Accordingly, the Court DENIES a certificate of appealability.

## **CONCLUSION**

For the reasons stated above, the Court DENIES Jones's Motions and DENIES a Certificate of Appealability.

Let the Clerk send a copy of this Memorandum Opinion to Mr. Jones and all counsel of record.

An appropriate order shall issue.

/s/
James R. Spencer
United States District Judge

ENTERED this 21st day of May 2013.